**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 25-1668**

───────────

JACQUELINE R. HUMPHRIES,

      Plaintiff - Appellant,

    v.

POTOMAC REAL ESTATE MANAGEMENT, R. Williams Property Manager Jess; JESSICA ANDERSON PRESTON, Executive Director, PG County Housing Authority; JACOB DAY, Secretary of Department of Housing & Community Development; COUNCILWOMAN WALA BLEGAY; HOUSING AUTHORITY OF PRINCE GEORGE'S COUNTY,

      Defendants - Appellees.

───────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Lydia Kay Griggsby, District Judge.  (8:24-cv-02868-LKG)

───────────

Submitted:  August 21, 2025                      Decided:  August 25, 2025

───────────

Before WILKINSON, HARRIS, and RICHARDSON, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Jacqueline R. Humphries, Appellant Pro Se.  Carrie Blackburn Riley, BLACKBURN RILEY LLC, Baltimore, Maryland, for Appellees Jessica Anderson Preston and Housing Authority of Prince George's County.  Amy Grasso, Assistant Attorney General, Department of Housing & Community Development, OFFICE OF THE ATTORNEY

GENERAL OF MARYLAND, Lanham, Maryland, for Appellee Jacob Day.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jacqueline R. Humphries appeals the district court's order dismissing her civil complaint for failure to comply with a court order and denying as moot all pending motions. *See* Fed. R. Civ. P. 16(f), 41(b).  After Humphries filed her civil action, the district court held a status conference at which Humphries failed to appear.  The district court ordered Humphries to explain why she failed to appear and to abstain from attempting to communicate ex parte with the court via email as she had done on several prior occasions. The court warned Humphries that it would view a failure to respond as a failure to prosecute and to comply with a court order.  Humphries did not respond and continued to send ex parte communications to the court.

Because the district court gave Humphries clear and detailed instructions and warned her that failure to comply would lead to dismissal, we conclude that the district court did not abuse its discretion in dismissing Humphries's complaint for failure to comply with the court's order.  *See Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (stating standard).  Accordingly, we affirm.  *Humphries v. Potomac Real Est. Mgmt.*, No. 8:24-cv-02868-LKG (D. Md. May 14, 2025).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*